UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT JACKSON | : |
| v. | : PRISONER |
| | : Case No. 3:02cv1891(AVC) |
| WATERBURY POLICE DEPARTMENT, et al.[1] | : |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Robert Jackson ("Jackson"), was incarcerated in the custody of the Connecticut Department of Correction when he commenced this action. He has since been discharged. Jackson alleges that defendant Jones punched him in the mouth without provocation during his arrest on December 4, 1999. Defendant Jones has filed a motion for summary judgment accompanied by a notice informing Jackson of his obligation to respond to the

---

[1] The named defendants in the original complaint were Waterbury Police Department and Officers Robert Jones, Lawrence Smith, Timothy Kluntz and Timothy Jackson. On December 9, 2002, plaintiff filed an amended complaint withdrawing all claims against defendants Smith, Kluntz and Jackson. (See Doc. #7.) On December 19, 2002, the court dismissed all claims against defendants Waterbury Police Department and the false arrest claim. (See Doc. #8.) On August 14, 2003, the court granted defendants' motion to dismiss the false arrest claim and the claims against defendant Waterbury Police Department. (See Doc. #14.) Although these claims had been dismissed by the court, they were included in the amended complaint which was filed while the original complaint was being reviewed. Thus, the case remains pending only as to the claim that defendant Jones used excessive force while arresting plaintiff.

Case 3:02-cv-01891-AVC    Document 19    Filed 02/06/2004    Page 2 of 9

motion, explaining the relevant procedural rules and informing him of the contents of a proper response to a motion for summary judgment. In addition, the notice cautioned Jackson that the motion could be granted and the case dismissed if he failed to respond. To date, Jackson has not responded to the motion. Thus, for the reasons that follow, the motion for summary judgment is granted.

I.   Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'" Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case

2

with respect to which [it] has the burden of proof," then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

To defeat a motion for summary judgment that is supported by documentary evidence and sworn affidavits, a plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). He "must come forward with enough evidence to support a jury verdict in [his] favor, and the motion will not be defeated merely ... on the basis of conjecture or surmise." Trans Sport, Inc. v. Starter Sportswear, Inc., 964 F.2d 186, 188 (2d Cir.1992) (citation and internal quotation marks omitted). The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). See also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992).

Where one party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments suggested therein. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Despite this liberal interpretation, however, a "bald assertion," unsupported by

3

evidence, cannot overcome a properly supported motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

II. Facts[2]

On December 4, 1999, Waterbury Police Officers Jackson, Jones and Smith observed the vehicle in front of their patrol case fail to stop for a stop sign and turn without using a turn signal. They activated their lights and siren and stopped the vehicle. Officer Smith approached the driver while Officers Jones and Jackson approached Jackson, who was the front-seat passenger. Jackson was known to the police officers from previous narcotics-related arrests. Officer Smith saw that Jackson had a plastic bag in his hands. The bag contained smaller packets containing a white rock-like substance which Officer Smith suspected to be crack cocaine. Jackson was emptying the smaller packets and swallowing the contents. Officer Smith told Officers Jones and Jackson to remove Jackson from the vehicle and arrest him. The contents of the remaining packets were tested and found to be cocaine. Jackson was charged with possession of narcotics with intent to sell, tampering with evidence and illegal possession of narcotics in a school zone.

---

[2] The facts are taken from the Local Rule 56(a)1 Statement in Support of Defendants' Motion for Summary Judgment and other exhibits attached to defendant Jones' memorandum in opposition [doc. #17]. Because the statement is unopposed, the facts are deemed admitted. See D. Conn. L. Civ. R. 56(a)1.

4

III. Discussion

Defendant Jones, the only remaining defendant, asserts two grounds in support of his motion for summary judgment. He argues that Jackson fails to state a claim for use of excessive force and his actions are protected by qualified immunity.

Because Jackson's excessive force claim arises from his arrest, the claim must be considered under the Fourth Amendment. See Graham v. Conner, 490 U.S. 386, 395 (1989). To prevail on this claim, Jackson must show that the amount of force used was objectively unreasonable, either as to when or how the force was applied, and that, as a result of the use of force, he suffered some compensable injury. See Id. at 396; Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996). He must prove some injury, even an insignificant one, to prevail. See Landy v. Irisarry, 884 F. Supp. 788, 799 n.14 (S.D.N.Y. 1995). In performing this analysis, the court considers "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." Hemphill v. Schott, 141 F.3d 412, 417 (2d Cir. 1998).

Defendant Jones has provided evidence documenting that Jackson was attempting to swallow crack cocaine which was evidence of his crime at the time he was arrested. There is no reference to any use of force in documents filed in support of the motion for summary judgment. In addition, the copy of the

photograph of Jackson taken upon his arrest does not reveal any evidence of facial injury.

Jackson alleges that defendant Jones punched him in the mouth during the course of his arrest, but provides no evidence to support this claim or to show that he suffered a compensable injury. Jackson's mere allegation is insufficient to opposes the motion for summary judgment. See Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991) (holding that a "bald assertion," unsupported by evidence, cannot overcome a properly supported motion for summary judgment).

The court concludes that Jackson has failed to meet his burden of providing evidence in opposition to the motion for summary judgment to demonstrate a genuine issue of material fact regarding the use of force to effect his arrest. Accordingly, the motion for summary judgment is granted on this ground.

IV. Conclusion

Defendant Jones' Motion for Summary Judgment [**doc. #16**] is **GRANTED**. The Clerk is directed to enter judgment in favor of the defendants and close this case.

SO ORDERED in Hartford, Connecticut, this _4TH_ day of _FEB_, 2004.

Alfred V. Covello
United States District Judge

6